No. 816

BASHAM v. BAKER

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 5643. Decided May 4, 1925

Judges Mauck, Sayre & Middleton, 4th Dist., sitting.

829. NEGLIGENCE—Court erred in charging jury that burden was on defendant to show that plaintiff was solely responsible for her injuries; and since this was a charge as to the

burden of proof on an issue in the case, it was clearly prejudicial error.

206. CARE—Standard of, being ordinary care, does not change, but degree of, does.

SAYRE, J.

Suit was brought in the Cuyahoga Common Pleas by Ella Baker against W. Basham and Stanley Chahulski for damages alleged to have been caused by their joint negligence in operating motor vehicles. The jury returned a verdict in favor of Baker against Basham.

Basham's answer denied negligence and further stated that "plaintiff's contact with said truck was caused wholly and solely by reason of her own carelessness or negligence directly operating and without any carelessness or negligence on part of this defendant."

The court charged, "The burden of proof is upon Basham to establish by a preponderance of the evidence that Baker was guilty of negligence; and that the negligence contributed as the proximate cause - - - - if Baker's evidence raises a presumption of negligence on her part, then she must remove that presumption before she is entitled to recover."

Error was prosecuted from the judgment of the Common Pleas and the Court of Appeals held:

1. The court in charging that the burden was on Basham to show that negligence of Baker was the sole cause of the accident, committed prejudicial error.

2. While the plea that plaintiff was solely responsible for the injury is more than a denial, yet it is plainly nothing more than an averment denying negligence on part of the defendant. To say that plaintiff was solely responsible for the injury is only another way of saying that defendant was free from negligence.

3. When plaintiff charges negligence and defendant denies it, the burden is on the plaintiff. When plaintiff charges negligence and defendant says that plaintiff was solely responsible for the injury the burden is on the plaintiff alone. No burden rests on the defendant under such state of pleading.

4. There was no error in the charge as to degree of care, for though the standard of care is ordinary care, and it never changes, the degree of care does change.

5. For error in the general charge, the judgment is reversed and remanded.

Attorneys—Rothenberg, McMorris & Smith for Basham; James E. Mathews for Baker; all of Cleveland.